## MANN *v.* McDONALD.

### STATUTE OF LIMITATIONS, WAIVER OF.

Where a judgment debtor placed in the hands of his judgment creditor a paid up policy of insurance on his life as collateral security for the judgment debt, and it was agreed between them that in event any money should be realized on the policy before the judgment was collected it should be applied as part payment thereof, it was *held* in a *sci. fa.* on the judgment against the administratrix of the judgment debtor to recover the balance due on the judgment after the amount realized on the policy had been applied upon the judgment, that such agreement did not constitute a waiver by the judgment debtor of the right to plead the statute of limitations.

No. 458.    Submitted June 5, 1895.    Decided June 17, 1895.

HEARING on an appeal by the plaintiff from a judgment sustaining a demurrer to a replication to a plea of the statute of limitations, in a proceeding by *sci. fa.* on a judgment. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. D. A. McKnight* for the appellant :

1. The great weight of authority is that a promise not to plead the statute, *or an agreement which implies such a promise*, operates as an estoppel *in pais ;* and that a subsequent plea of the statute is a fraud on the plaintiff, which a judicial tribunal will not suffer. *Burton* v. *Stevens,* 24 Vt. 131 ; *Kellogg* v. *Dickinson,* 147 Mass. 432 ; *Quick* v. *Corlies,* 39 N. J. L. 11 ; *Lengar* v. *Hazelwood,* 11 Lea. Tenn. 539 ; *Martin* v. *Lamb,* 40 N. J. Eq. 669 ; *Lamb* v. *Ryan,* 40 N. J. Eq. 67 ; *Rowe* v. *Thompson,* 15 Abb. Pr. 377 ; *Bowmar* v. *Peine,* 64 Miss. 99 ; *Cowart* v. *Perrine,* 21 N. J. Eq. 101 ; *Allen* v. *Webster,* 15 Wend. N. Y. 289 ; *Utica Ins. Co.* v. *Bloodgood,* 4 Wend. 652 ; *Paddock* v. *Colby,* 18 Vt. 485 ; *Noyes* v. *Hall,* 28 Vt. 645 ; *Barcroft* v. *Roberts,* 91 N. C. 363 ; *Warren* v. *Walker,* 23 Me. 453 ; *Randon* v. *Toby,* 11 How. 493, 519 ; *Ins. Co.* v. *Eggleston,* 96 U. S. 572, 577.

In the Supreme Court of this District, letters treating the controversy as a purely family affair, and offering to submit the claim to arbitration, were held to operate as an estoppel during the period covered by the negotiations. *Robeson* v. *Niles,* 7 Mackey, 182.

The following cases afford illustrations of *implied* promises not to plead the statute, which have been held to stop its running : *Daniel* v. *Commissioners,* 74 N. C. 494 ; *Haymore* v. *Commissioners,* 85 N. C. 258 ; *Newton* v. *Carson,* 80 Ky. 309 ; *Jackson* v. *Hunt,* 6 Johns. 16 ; *Green* v. *Coos Bay Co.,* 23 Fed. Rep. 67 ; *Walker* v. *Sayers,* 5 Bush, 579 ; *Holladay* v. *Littlepage,* 2 Munf. 316 ; *Quimby* v. *Wroth,* 3 H. & J. 249 ; *Jameson* v. *Jameson,* 72 Mo. 640.

2. The stipulation of May 16, 1876, induced the plaintiff to delay the enforcement of the judgment, and this was a sufficient consideration for it. The plaintiff is not averring here that the defendant's intestate made an express waiver of his right to plead the statute ; but that he made a certain promise which induced her to forbear proceeding on her judgment until after the period fixed in the statute of limitations. For such a promise the forbearance was a suffi-

cient consideration, whether or not the defendant's intestate derived any benefit from it. Smith on Cont., 156; *Violett* v. *Patton*, 5 Cranch, 142; *Hendrick* v. *Lindsay*, 93 U. S. 148. Furthermore, the statement in the agreement of May 16, 1876, is not pleaded either as a *contract*, or as a *promise*, but as an *estoppel in pais*. The plaintiff, therefore, relies on the ordinary principles applicable to estoppels. *Commonwealth* v. *Moltz*, 10 Pa. St. 537; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480; *Gray* v. *Allen*, 14 Ohio, 58; *Simpson* v. *Pearson*, 31 Ind. 1.

There may be a contract of course, and doubtless there often is; but there is a marked difference between the effect of the contract *qua* contract and its effect as an estoppel, as noted in the case cited by this court in its original opinion. See also *Randon* v. *Toby*, 11 How. 519.

The only question here, then, is this: Was the plaintiff reasonably justified in understanding from the words of the agreement of May 16, 1876, in connection with the circumstances then surrounding the parties, *" that she had the right to enforce the judgment at any time until it was actually paid?"* It is submitted that she was.

*Mr. A. A. Birney* and *Mr. E. A. Newman* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case has been in this court on a former appeal, and is reported in 2 App. D. C. 226. It was brought here then on a question of the application of the statute of limitations to the judgment sought to be enforced against the appellee; and the statute was held to be applicable and to constitute a bar to the enforcement of the judgment as pleaded in the first and second of the defendant's pleas; but as to the third plea, it was held that the replication thereto interposed by the plaintiff would exclude the bar of

the statute, if supported by evidence of the contract therein alleged. The judgment appealed from was reversed, and the cause remanded for a new trial ; and, upon the return of the cause, the replication to the third plea was amended in order to bring all the facts upon the record, and, accordingly, all the facts relied on as an answer to the bar of the statute are fully set out in the amended replication. This amended replication presents a state of facts quite different from the facts set forth in the replication before amendment. To the amended replication the defendant demurred, and the demurrer was sustained, and judgment rendered for the defendant. It is from that judgment that the present appeal is taken, and the only question is, whether the replication as amended furnishes a sufficient answer to preclude the bar of the statute of limitations to the enforcement of the judgment? Or, in other words, whether the agreement set forth in the replication has the effect of preventing the application of the statutory bar to the judgment ?

It was held on the former appeal that the statute of limitations constituted an absolute bar, unless it had been waived or dispensed with by an agreement founded upon valuable consideration. It is now contended on the part of the plaintiff that the facts set forth in the amended replication are sufficient in law to estop and preclude the defendant from pleading and availing himself of the bar of statute ; and whether this be so or not, is, as already stated, the only question presented on this appeal.

The judgment was recovered by the plaintiff against Douglas H. Cooper, in October, 1874, and Cooper, the original defendant in the judgment, died in April, 1879. The present action was brought on the judgment by the plaintiff therein against the present defendant, as administratrix of Cooper, on the 13th of July, 1891.

It is alleged in the amended replication, that the original defendant, Cooper, had placed in the hands of the plaintiff, *as collateral security* for the debt due her, an insurance policy on his life ; but that, after paying several premiums thereon,

he found that he was financially unable to continue the payment of premiums, and to keep the policy alive. He thereupon proposed, which proposal was accepted both by the insurance company and the plaintiff, that the original policy should be surrendered, and a paid-up policy issued to the plaintiff instead of the former life policy, to be held as security for the judgment. This was done; and, upon the death of Cooper, the amount due upon this paid-up policy was received by the plaintiff and applied to the part payment of the judgment, less the amount that had been paid by her as premiums on the policy.

The agreement, under which this paid-up policy was issued and held by the plaintiff, as set out in the replication, is dated the 16th of May, 1876, and is as follows:

"The policy, No. 21242, in the Phoenix Mutual Life Insurance Company of Hartford, Connecticut, having been surrendered to the company, with request of the insured, Douglas H. Cooper, and others interested in said policy, for a paid-up policy to be issued on the life of the said D. H. Cooper, in the name and for the benefit of Hannah N. Mann, it is understood that said Hannah N. Mann is to hold the said policy *as security* for judgment No. 12,622, at law, Sup. Court, District Columbia, for and during such time as she, the said Hannah N. Mann, *may elect so to do,* there being no obligation on the part of said Hannah N. Mann *to pay the premiums on said policy.* If, however, the said policy be alive or in force against the said company at the death of the said Douglas H. Cooper, then the said Hannah N. Mann is to apply the money received from said policy to the payment *pro tanto* of said judgment, first deducting from the money received as aforesaid the amount or amounts paid by the said Hannah N. Mann for premiums and interest thereon and costs in keeping alive the said paid-up policy.

" It is further understood that the said Hannah N. Mann, notwithstanding the issuing of the said paid-up policy in her name and for her benefit, has and shall have at all times

the right to execute the said judgment and collect the amount due on the said judgment; provided, always, that in the event of the said judgment being paid or satisfied in any other way than from the said policy, the said Hannah N. Mann is to assign the said policy or account for the proceeds thereof to the said Douglas H. Cooper, or to the personal representatives of the said Douglas H. Cooper." This agreement was signed by the attorneys for the plaintiff, and by Douglas H. Cooper.

This is the agreement upon which the plaintiff relies, and upon which the allegation in the replication is founded, that the defendant agreed, for valuable consideration, that the plaintiff should have at all times the right to execute the judgment and collect the amount due thereon, and therefore the statute of limitations is excluded as a bar. But the agreement makes no reference to the stutute of limitations, and it is manifest, from the whole tenor and purpose of the instrument, that the statute of limitations was not within the contemplation of the parties. The policy of insurance might turn out to be of little or no value; the assured might live to old age; and therefore the plaintiff, by her counsel, thought proper to exclude any possible construction by which she could be restrained in the exercise of her right to reap the fruits of her judgment without hinderance or delay. The judgment and her right of execution thereof, were not to be affected by the policy of insurance held by the plaintiff, as mere collateral security, except in the event that, if any money was realized on the policy before the judgment was collected, the amount should be applied in part payment of the judgment. If it had been the intention of the parties that the judgment should remain open indefinitely, to await the contingent event of the receipt of money on the policy, we must suppose that such intention would have been expressed. But, on the contrary, we find the parties expressly agreeing, that, notwithstanding the policy of insurance, the plaintiff in the judgment should have at all times the right to execute

the judgment, and collect the amount due thereon, without regard to the policy of insurance. That is to say, the remedies upon the judgment should not be affected, and that the judgment should remain executionable as long as the law allowed. And the judgment remaining executionable during the life of the original defendant, and until the expiration of the full statutory period of limitation, the statute became a bar, and the court below was entirely correct in sustaining the demurrer to the amended replication, and entering judgment for the defendant.

*Judgment affirmed.*